[No. 21458. Department Two. November 27, 1928.]

FRANKLIN L. TAYLOR, Respondent, v. FRED A. HOLM, Appellant.[1]

*Frank P. Christensen*, for appellant.
*H. P. Troy* and *Troy & Yantis*, for respondent.

ASKREN, J.—This appeal is from a judgment in plaintiff's favor in an action for damages caused by defendant's selling plaintiff fall instead of spring wheat. The errors assigned by appellant all find their sustenance in the single claim that the evidence does not justify the findings of the trial court and was wholly insufficient to sustain the judgment rendered.

The evidence discloses the following facts which the court followed in arriving at its conclusions: Respondent is a farmer in the Kamilche valley and has, from time to time, planted portions of his land in wheat. On May 6, 1927, respondent went to appellant's place of business in Olympia, and upon inquiry for appellant was in-

[1]Reported in 272 Pac. 64.

formed of his absence. He then informed the clerk who offered to serve him that he desired to purchase Blue Stem spring wheat for sowing purposes. The clerk then took him to the warehouse and showed him seven or eight sacks labeled "Blue Stem Wheat." Respondent took some of the wheat in his hands, looked at it and said that it looked all right, but that he would require about two tons. The clerk thereupon delivered ten sacks to respondent, who took them to his home and planted the seed the same day. The following day the balance of the purchase was delivered, appellant having received an additional amount from Tacoma.

The seed was all planted, but when it came up it developed that it was not spring wheat, but fall wheat, and the crop was a total failure for the year 1927, save and except a portion of one sack which was spring wheat and which produced about half a ton.

This action was then instituted to recover the loss of the crop, less the customary and usual expenses of harvesting and the like.

The evidence on many of the facts is in direct conflict. Respondent testified positively that he asked for Blue Stem spring wheat. This was denied categorically by the one who made the sale. Appellant testified that none of the sacks were marked "Blue Stem Wheat," while respondent and another witness stated that they noticed the label particularly. Appellant denied that he sold seed wheat, and claimed that he sold wheat for feeding purposes alone. Respondent, on the other hand, testified that appellant solicited him in the fall of 1926 and spring of 1927 to purchase seed and feed from him, and quoted prices on seed grass and seed wheat, and that when he purchased the Blue Stem wheat he also bought three other items of seed for sowing purposes. The invoice shows this latter fact without substantial dispute.

We have referred sufficiently to the evidence to show the direct conflict in the testimony and to demonstrate that there is nothing in the evidence except questions of fact which the court had a right to find against appellant. We find nothing which warrants us in saying that it preponderates against the findings of the trial court. Unless we can say that, the judgment must, under our repeated holdings, stand.

Affirmed.

FULLERTON, C. J., FRENCH, PARKER, and MAIN, JJ., concur.